## Brown v. Sheriff of Perry County

C.P. of Perry County, no. 97-654.

*L. Rex Bickley,* for plaintiff.
*Allan W. Holman Jr.,* for defendant.

QUIGLEY, *P.J.,* July 11, 1997—This case deals with an application by Richard A. Brown, styled "action in mandamus," wherein Mr. Brown requests judicial review of the decision of the sheriff to deny a protection permit.

The statute involved in this situation is entitled "Pennsylvania Uniform Firearms Act of 1995," Act of June 13, 1995, First Special Session, P.L. 1024 no. 17. (18 Pa.C.S. §6101 et seq.)

Petitioner suggests that he was denied a permit because he was "convicted of a crime punishable by imprisonment for a term exceeding one year . . . ." Section 6109(e)(viii). Apparently, there is no dispute as to the status of the applicant's record.

The applicant, however, suggests that the definition of "crime punishable by imprisonment exceeding one year" is in fact a term that is defined under section 6102 of the Act and that a fair reading of said definition section indicates that he should not be precluded as a result of his conviction.

The definition of "crime punishable by imprisonment exceeding one year" does not apply to state offenses classified as misdemeanors and punishable by "a term of imprisonment not to exceed two years," according to the statute. See 75 Pa.C.S. §6102.

Thus, while the sheriff apparently acted based on his interpretation of the literal provisions of section 6109(e)(8), it certainly can be argued that the definition of a "term exceeding one year" in fact does not mean what it says, but rather means "a term of imprisonment not to exceed two years." This is clearly an ambiguity if not an outright conflict and the question might be which interpretation should prevail.

The Constitution of the United States with respect to Amendment no. 2 provides for the right of citizens to keep and bear arms. In addition, the Firearms Act in Pennsylvania basically indicates that the sheriff should issue the requested permit except in certain enumerated situations. It is the belief of this court that it is an inherent right of our citizens to keep and bear arms, and that, while the government may infringe upon that right, it may only do so under appropriate circumstances; it should then only do so in clear and unambiguous terms.

Because the definition section in the Act appears to be quite clear to this court and because the exclusion section, subsection 8, does not indicate in terms similar to "not withstanding the definition in the definition," we think the ambiguity must, as a matter of common

sense and perhaps constitutional law, inure in favor of the applicant.

Accordingly, it appears that the request of Mr. Brown in this matter to reverse the action of the Perry County Sheriff is appropriate, assuming that Mr. Brown meets all other criteria as set forth in the Act.

Thus, we will order the sheriff to issue the requested permit.

## ORDER

And now, July 11, 1997, it is directed that the appeal of Richard A. Brown in this matter be sustained and that the Sheriff of Perry County not withhold a permit from Mr. Brown under the provisions of subsection 8 of section 6102(e).